IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs January 6, 2009

## JON LEE FIELDS v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Tipton County**
**No. 5445     Joe H. Walker, III, Judge**

_____

**No. W2008-00821-CCA-R3-PC  - Filed April 15, 2009**

_____

On March 28, 2007, the petitioner pled guilty in the Tipton County Circuit Court to initiation of the manufacture of methamphetamine and was sentenced to twelve years to be served concurrently with a sentence imposed in Lauderdale County.  On July 9, 2007, he filed a petition for post-conviction relief, claiming that he had not been afforded a hearing on his request for alternative sentencing, as he was told he would have.  Following an evidentiary hearing, the post-conviction court found that the petition was without merit.  After our review, we affirm the dismissal of the petition.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ALAN E. GLENN, J., delivered the opinion of the court, in which J.C. MCLIN and CAMILLE R. MCMULLEN, JJ., joined.

Frank Deslauriers, Covington, Tennessee, for the appellant, Jon Lee Fields.

Robert E. Cooper, Jr., Attorney General and Reporter; Matthew Bryant Haskell, Assistant Attorney General; D. Michael Dunavant, District Attorney General; and James Walter Freeland, Jr., Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**FACTS**

The petition for post-conviction relief sought, as specific relief, that "the Petitioner's conviction in [the Tipton County case] be set aside and the sentence vacated and the Petitioner be afforded the opportunity to have this matter tried" and that the "[violation of probation] hearing [in Lauderdale County] be postponed until after the Petitioner's Post-Conviction proceedings in Tipton County Case No. 5445 are concluded."  However, at the evidentiary hearing, the petitioner testified that he did not want to withdraw his plea of guilty but, instead, be afforded a hearing at which he could seek alternative sentencing.

At the evidentiary hearing in this matter, the petitioner testified that the guilty plea offer from the State was a twelve-year sentence on the case which is the basis for this appeal, to be served concurrently with an eight-year sentence imposed in Lauderdale County:

> [Trial counsel] had come and spoke with me earlier that day in the back and told me that the State was willing to offer me a twelve-year sentence on this charge with the eight that I had in Lauderdale County ran concurrent with it, ran into it, and that the State would not object to me posing for alternative sentencing to a long-term, eighteen-month rehab at Serenity House in Memphis.

The petitioner then explained what he was told would happen following his plea of guilty:

> I had come in here and signed the paperwork and . . . pled guilty in the court. And [the trial judge] had t[aken] the plea and set me another court date for April 27 for my sentencing. And when [trial counsel] told me that I'd come up in front of the judge for my alternative sentencing, and . . . somebody from his office had – we had contacted Serenity House and had an interview over the phone, Serenity House was willing to accept me, [trial counsel] told me that I'd come into court on April 27 and file – go for my alternative sentencing hearing. If it went through, then I'd . . . leave and go to Serenity House.

The petitioner testified that he was not seeking to set aside his plea of guilty but, rather, that he be given a hearing on his request for alternative sentencing.

Apparently, before a hearing in Tipton County on his request for alternative sentencing could be conducted, the petitioner was found to have violated his probation on his eight-year sentence, which he was ordered to serve:

> I went to court in February in Lauderdale [County]. . . . [I]t was put off. Next thing I know, March 28, [trial counsel] comes at me with the agreement of twelve years, the eight's going to run into it, I'm going to go to the long-term rehab.
>
> I come back the 27th to find out that somehow [counsel] had went . . . to court and done all that without me being present, and I was violated. And now [trial counsel] is telling me that the rehab that he promised me is no longer eligible for me.

We surmise that the petitioner entered his plea of guilty in Tipton County to a twelve-year sentence and was accepted into a drug rehabilitation program, dependent upon the outcome of the Lauderdale County violation of probation hearing. The petitioner testified:

> All I know is that [trial counsel] told me that I was eligible for the alternative sentencing. I entered the guilty plea. Then I entered the guilty plea March 28. Around April 1st . . . a member of his law firm, whatever, come, and we called and had the interview over the phone with Serenity House. They accepted me. They

[were] willing to accept me pending what went on [on] April 27. So all I can look at it is, is [trial counsel] offered it to me. Then we had the interview[.]

On cross-examination, the petitioner acknowledged that he had prior convictions for facilitation of arson, attempted manufacture of methamphetamine, possession of methamphetamine, felony failure to appear, aggravated burglary, theft over $500, burglary, and two additional thefts over $1000.[1]

The petitioner's trial counsel in the Tipton County case testified as to his negotiation with the State:

> [The petitioner] was actually charged with . . . the deal was – the situation was kind of tricky. He was charged with a Class B felony and a couple of C's and D's. But he was a career offender for the C's and the D offenses. If I remember correctly he was not a career offender for the B. So that's why we ultimately entered the plea on the B because he was actually facing a lesser amount of time than he would have been facing on the lesser charges.
>
> After some negotiation and talking with [the prosecutor] regarding those, we ultimately came to an agreement that he would enter a plea to the Class B felony for the twelve years.
>
> Q. All right. Did you have any discussion with [the prosecutor] about the possibility of alternative sentencing?
>
> A. Yes.
>
> Q. And what is your memory of those discussions?
>
> A. I think initially [the prosecutor] had reservations about . . . him being entitled to that. But I think ultimately he decided that he would just submit it to the Court.

The order of the post-conviction court dismissing the petition set out the chronology of the matter:

> Petitioner was indicted in November 2006 for the C felony of Attempt to Manufacture Meth, the D felony of promote meth, the E felony of reckless endangerment with a deadly weapon, and the B felony of initiate the manufacture of meth. These offenses occurred in August 2006. At that time the petitioner was on alternat[ive] sentencing in Lauderdale County, RD 7704.

---

[1]In making reference to these convictions, we rely upon their characterization by the State during the evidentiary hearing.

The [S]tate filed notice that the petitioner is a range III, career offender.

The public defender was appointed to represent the petitioner, and negotiated a plea agreement to enter a plea of guilty in count 4 for an agreed sentence of 12 years as a multiple offender, and dismiss all other counts. Further the 12 year sentence would be concurrent to Lauderdale RD 7704.

On March 28, 2007, the [petitioner] entered a plea of guilty per the agreement and was sentenced to 12 years. The [petitioner] had been revoked from alternat[ive] sentencing in Lauderdale County RD 7704 after a hearing in February 2007, and was serving that sentence.

In dismissing the petition, the court made detailed findings:

The [petitioner] is a career offender, and has been tried multiple times on release status. He has been placed on probation in 1998, revoked in 1999. Placed on alternat[ive] sentencing in 2000, and revoked in 2001. Paroled in 2003, and revoked in 2004. Released upon expiration and convicted again. He was placed again with alternat[ive] sentencing in 2006, and revoked in 2007. He entered the plea in Tipton RD 5445 shortly after the revocation. . . .

The [p]etitioner has a lengthy history of alcohol and drug abuse problems. He has been through rehab treatment several times.

The petitioner has shown no prejudice by not receiving [an] alternat[ive] sentencing hearing. This offense occurred while he was on alternat[ive] sentencing. He had just been revoked off alternat[ive] sentencing in February 2007, and had been tried before on both probation and alternat[ive] sentencing several times without success. H[is] chance to be returned to alternat[ive] sentencing was nil. The attorney was not ineffective by not scheduling an alternat[ive] sentencing hearing.

The Court finds that petitioner has failed to establish the factual allegations contained in his petition by clear and convincing evidence. Tenn. Code Ann. § 40-30-210. The petitioner has not shown that (a) the services rendered by trial counsel were deficient and (b) the deficient performance was prejudicial. The petitioner has not shown that the services rendered or the advice given was below the range of competence demanded of attorneys in criminal cases. The petitioner has not shown that there is a reasonable probability that, but for counsel's deficient performance, the result of the proceeding would have been different.

As we stated, the record on appeal does not include copies of either the Tipton or Lauderdale County judgments or of the submission hearing. The State argues that this fact prevents our being able to adequately review this matter.

## ANALYSIS

In order to determine the competence of counsel, Tennessee courts have applied standards developed in federal case law. See State v. Taylor, 968 S.W.2d 900, 905 (Tenn. Crim. App. 1997) (noting that the same standard for determining ineffective assistance of counsel that is applied in federal cases also applies in Tennessee). The United States Supreme Court articulated the standard in Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052 (1984), which is widely accepted as the appropriate standard for all claims of a convicted petitioner that counsel's assistance was defective. The standard is firmly grounded in the belief that counsel plays a role that is "critical to the ability of the adversarial system to produce just results." Id. at 685, 104 S. Ct. at 2063. The Strickland standard is a two-prong test:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

Id. at 687, 104 S. Ct. at 2064. The Strickland Court further explained the meaning of "deficient performance" in the first prong of the test in the following way:

> In any case presenting an ineffectiveness claim, the performance inquiry must be whether counsel's assistance was reasonable considering all the circumstances. . . . No particular set of detailed rules for counsel's conduct can satisfactorily take account of the variety of circumstances faced by defense counsel or the range of legitimate decisions regarding how best to represent a criminal defendant.

Id. at 688-89, 104 S. Ct. at 2065. The petitioner must establish "that counsel's representation fell below an objective standard of reasonableness under prevailing professional norms." House v. State, 44 S.W.3d 508, 515 (Tenn. 2001) (citing Goad v. State, 938 S.W.2d 363, 369 (Tenn. 1996)).

As for the prejudice prong of the test, the Strickland Court stated: "The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." 466 U.S. at 694, 104 S. Ct. at 2068; see also Overton v. State, 874 S.W.2d 6, 11 (Tenn. 1994) (concluding that petitioner failed to establish that "there is a reasonable probability that, but for counsel's errors, the outcome of the proceedings would have been different").

Courts need not approach the Strickland test in a specific order or even "address both components of the inquiry if the defendant makes an insufficient showing on one." 466 U.S. at 697, 104 S. Ct. at 2069; see also Goad, 938 S.W.2d at 370 (stating that "failure to prove either deficiency or prejudice provides a sufficient basis to deny relief on the ineffective assistance claim").

By statute in Tennessee, the petitioner at a post-conviction relief hearing has the burden of proving the allegations of fact by clear and convincing evidence. See Tenn. Code Ann. § 40-30-110(f) (2006). A petition based on ineffective assistance of counsel is a single ground for relief,

therefore all factual allegations must be presented in one claim. <u>See</u> Tenn. Code Ann. § 40-30-206(d).

We note that when post-conviction proceedings have included a full evidentiary hearing, as was true in this case, the trial judge's findings of fact and conclusions of law are given the effect and weight of a jury verdict, and this court is "bound by the trial judge's findings of fact unless we conclude that the evidence contained in the record preponderates against the judgment entered in the cause." <u>Black v. State</u>, 794 S.W.2d 752, 755 (Tenn. Crim. App. 1990). The reviewing court must indulge a strong presumption that the conduct of counsel falls within the range of reasonable professional assistance, <u>see</u> <u>Strickland</u>, 466 U.S. at 690, 104 S. Ct. at 2066, and may not second-guess the tactical and strategic choices made by trial counsel unless those choices were uninformed because of inadequate preparation. <u>See</u> <u>Hellard v. State</u>, 629 S.W.2d 4, 9 (Tenn. 1982). The fact that a strategy or tactic failed or hurt the defense does not alone support the claim of ineffective assistance of counsel. <u>See</u> <u>Thompson v. State</u>, 958 S.W.2d 156, 165 (Tenn. Crim. App. 1997). Finally, a person charged with a criminal offense is not entitled to perfect representation. <u>See</u> <u>Denton v. State</u>, 945 S.W.2d 793, 796 (Tenn. Crim. App. 1996). As explained in <u>State v. Burns</u>, 6 S.W.3d 453, 462 (Tenn. 1999), "[c]onduct that is unreasonable under the facts of one case may be perfectly reasonable under the facts of another."

As we understand the facts, the petitioner pled guilty in March 2007 in Tipton County and was sentenced to twelve years to be served concurrently with the Lauderdale County sentence. As we have said, the record on appeal includes neither copies of the judgments from Tipton or Lauderdale County nor a transcript of the Tipton County submission hearing. He filed in Tipton County a petition for post-conviction relief, asking that his plea of guilty be set aside and the sentence vacated and that the violation of probation proceeding in Lauderdale County be "postponed" until the Tipton County proceedings were "concluded." However, at the evidentiary hearing, the petitioner abandoned his request to withdraw his plea of guilty and, instead, said that he sought "specific performance" of his Tipton County plea agreement, meaning he wanted a hearing at which he could seek alternative sentencing as to that sentence. He no longer wished to withdraw his plea of guilty.

The post-conviction court detailed the petitioner's extensive criminal record and multiple failures to abide by conditions of release. The court noted that the petitioner was classified as a career offender, that his alternative sentences had been revoked in 1999, 2001, and 2007 and that his 2003 parole was revoked in 2004. At the time he was seeking alternative sentencing for his twelve-year Tipton County sentence, his alternative sentence had just been revoked on his eight-year Lauderdale County sentence. Thus, in the view of the post-conviction court, his chances for yet another alternative sentence were "nil," and, accordingly, he had failed to show that he was prejudiced by the alleged ineffectiveness of counsel. The record abundantly supports this analysis. Additionally, we add that the petitioner failed to explain how he might have benefitted from receiving alternative sentencing for the Tipton County sentence when, at the same time, he would have remained incarcerated for the Lauderdale County sentence.

## CONCLUSION

-6-

Based upon the foregoing authorities and reasoning, we affirm the post-conviction court's dismissal of the petition.

_____

ALAN E. GLENN, JUDGE